# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY HOSKINS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>L. NGUYEN, et. al.,<br><br>　　　　Defendants. | Case No.: 1:17-cv-01133-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT BE DENIED<br><br>[ECF No. 22] |

Plaintiff Anthony Hoskins is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to amend, filed February 27, 2019.

## I.

## RELEVANT BACKGROUND

This action is proceeding against Defendants Nguyen and Baniga for deliberate indifference to a serious medical need in violation of the Eighth Amendment.[1]

On January 25, 2018, Defendants filed an answer to the complaint. On February 1, 2018, the Court issued the discovery and scheduling order setting, among other things, the deadline to amend the pleadings for August 1, 2018. (ECF No. 16.)

---

[1] Defendant Loung Nguyen was improperly named as L. Ngyen. (See Answer at 1; ECF No. 15.)

1

On April 9, 2018, the Court granted Defendants' request to extend the deadline to file an exhaustion related motion for summary judgment to August 1, 2018. (ECF No. 18.) However, all other deadlines remained in full force and effect. (Id.)

On September 21, 2018, the Court granted Defendants' second request to modify the scheduling order and extended the deadlines to complete discovery and file a dispositive motion to February 1, 2019 and April 1, 2019, respectively. (ECF No. 21.)

As previously stated, on February 27, 2019, Plaintiff filed a motion to amend the complaint, along with a proposed second amended complaint which was lodged. (ECF Nos. 22, 23.) Defendants filed an opposition on March 5, 2019. Plaintiff did not file a reply and the time to do so has expired. Accordingly, Plaintiff's motion to amend is deemed submitted for review, without oral argument. Local Rule 230(l).

## II.

## DISCUSSION

Plaintiff moves to amend the complaint to add a new claim of retaliation in violation of the First Amendment and to "correct mistakes, clarify and make clear his allegations and facts, sufficient to state an "<u>EIGHTH AMENDMENT</u> claim and for <u>inadequate medical care</u>." (Pl.'s Mot. at 1, ¶ 2, ECF No. 22.) Defendants oppose Plaintiff's motion

Pursuant to the Court's February 1, 2018, discovery and scheduling order, the deadline to amend the pleadings expired on August 1, 2018.[2] As Plaintiff's request to amend is filed after the expiration of the scheduling order for amendment, the Court must apply the standard for amending the scheduling order under Federal Rule of Civil Procedure 16, rather than the more liberal amendment standard under Rule 15. <u>Coleman v. Quaker Oats Co.</u>, 232 F.3d 1271, 1294-95 (9th Cir. 2000) (district court correctly addressed motion for leave to amend under Rule 16 because it had issued a pretrial scheduling order that established a timetable for amending the pleadings and the motion was filed after the deadline expired).

///

---

[2] Although other deadlines were extended at the Defendants' request, the deadline to amend the pleadings as set forth in the Court's August 1, 2018, order remained in full force and effect.

2

Under Rule 16 of the Federal Rules of Civil Procedure, a discovery and scheduling order controls the course of litigation unless the Court subsequently alters the original order. Fed R. Civ. P. 16(d). Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of that order. Id. The court may also consider the prejudice to the party opposing the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002). A party may obtain relief from the court's deadline date for discovery by demonstrating good cause for allowing further discovery. Fed. R. Civ. P. 16(b)(4).

"Good cause may be found to exist where the moving party shows that it diligently assisted the court with creating a workable scheduling order, that it is unable to comply with the scheduling order's deadlines due to matters that could not have reasonably been foreseen at the time of the issuance of the scheduling order, and that it was diligent in seeking an amendment once it became apparent that the party could not comply with the scheduling order." Kuschner Nationwide Credit, Inc., 256 F.R.D. 684, 687 (E.D. Cal. 2009).

Upon review of Plaintiff's proposed second amended complaint, the Court finds that leave to amend should be denied. Although Plaintiff contends that he wishes to add factual allegations to address certain deficiencies identified by Defendants in their answer, the factual allegations set forth in the second amended complaint do not differ materially from the factual allegations set forth in the operative amended complaint filed on October 10, 2017, which the Court found to be cognizable. Other than setting forth several legal conclusions and re-asserting the same factual allegations of his deliberate indifference claims, Plaintiff fails to explain why he seeks to amend the complaint well after the deadline to do so, and over a year after the answer was filed. To the extent, Plaintiff wishes to add factual allegations relating to exhaust of the administrative remedies, amendment is futile because the failure to exhaust the administrative remedies is an affirmative defense to be raised by way of motion

for summary judgment by Defendants. In this instance, the deadline for filing an exhaustion related motion for summary judgment has passed and amendment on the issue is futile. This same reasoning applies with Plaintiff's new claim of alleged retaliation by Defendants. Accordingly, Plaintiff's motion to amend the complaint should be denied.

Furthermore, even if the Court were to apply the more liberal standard for amendment under Rule 15, Plaintiff's request also should be denied. Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course twenty-one days after serving, or if a response was filed, within twenty-one days after service of the response. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2).

Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." AmerisourceBergen Corp., 465 F.3d at 951. Relevant to the futility factor, a plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). The burden to demonstrate prejudice falls upon the party opposing the amendment. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987). Absent prejudice, or a strong showing of any of the remaining three factors, a presumption exists under Rule 15(a) in favor of granting leave to amend. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). Further, undue delay alone is insufficient to justify denial of a motion to amend. Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999).

First, Plaintiff's proposed second amended complaint does not establish facts sufficient to state a cognizable claim for retaliation in violation of the First Amendment. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action

4

1  did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995) (prisoner suing prison officials under § 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action did not advance legitimate penological goals, such as preserving institutional order and discipline.) In order to state a viable claim, the prisoner must demonstrate that the type of activity in which he was engaged was constitutionally protected, that the protected conduct was a substantial and motivating factor for the alleged retaliatory action, and that the retaliatory action did not advance a legitimate penological interest. Hines v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997) (inferring retaliatory motive from circumstantial evidence). Retaliatory motive may be shown by the timing of the alleged-retaliatory act and other circumstantial evidence, as well as direct evidence. Bruce v. Ylst, 351 F.3d 1283, 1288-89 (9th Cir. 2003). However, mere speculation that defendants acted out of retaliation is not sufficient. Wood v. Yordy, 753 F.3d 899, 904 (9th Cir. 2014).

Plaintiff's proposed second amended complaint fails to set forth a cognizable claim for retaliation. Plaintiff presents nothing more than conclusory assertions that Defendants "**deliberate harassment** to the **atypical and significant** doctor-on-patient retaliation at CCI-Tehachapi has deprived and continues to deprive **PLAINTIFF** of his rights under the **retaliation clause** of the **First Amendment** to the United States Constitution." (ECF No. 23 at 16.)[3] However, Plaintiff fails to set forth factual allegations to demonstrate that Defendants took some adverse action against him because he was exercising a protected activity, that chilled the exercise of his rights under the First Amendment. Indeed, upon review of the entire complaint, there are no facts which would establish a cognizable retaliation claim. Rather, Plaintiff's allegations focus on the alleged improper medical treatment provided by Defendants which gives rise to his cognizable claim for deliberate indifference to a serious medical need under the Eighth Amendment. Accordingly, Plaintiff's proposed second amended complaint fails to state a cognizable claim for retaliation under the First Amendment and

---

[3] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

5

amendment is futile.  See, e.g., Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend.")  Furthermore, even if amendment was not futile, Defendants would be prejudiced by amendment at this point in the action.  As stated above, on September 21, 2018, the Court extended the deadlines to conduct discovery to February 1, 2019, and the dispositive motion to April 1, 2019.  (ECF No. 21.)  Defendants submit that they conducted Plaintiff's deposition on November 16, 2018, and on December 13, 2018, subpoenas were issued to obtain Plaintiff's medical records.  (Declaration of Julio Hernandez ¶ 2, ECF No. 24.)  In addition, at the time discovery closed on February 1, 2019, Plaintiff had not sought discovery from Defendants.  (Id. ¶ 4.)  With the impending dispositive motion deadline, Defendants' counsel has been working to complete a motion for summary judgment on the merits of Plaintiff's claims.  (Id. ¶ 5.)  Defense counsel submits that the motion for summary judgment is substantially complete, and counsel has reviewed and selected evidence obtained through now-closed discovery to submit in support of the motion.  (Id. ¶ 7.)  If the Court allowed Plaintiff to amend to add a new claim of retaliation, the Court would have to re-open discovery and issue a new scheduling order.  Plaintiff filed the operative complaint on October 10, 2017, and Defendants answered the complaint over a year ago, on January 25, 2018.  To re-start the litigation process at this juncture would be prejudicial and is not warranted.  In addition, Plaintiff offers no explanation whatsoever as to why he waited until now to attempt to add a new claim of retaliation.  In light of the procedural history outlined above, the Court finds that Plaintiff has unduly delayed in attempting to amend the complaint.  Accordingly, Plaintiff's motion to amend the complaint should be denied.

## III.
## CONCLUSION

Accordingly, it is HEREBY ORDERED that the Clerk of the Court is directed to randomly assign a Fresno District Judge to this action.

Further, for the reasons explained above, it is HEREBY RECOMMENDED that Plaintiff's motion to amend the complaint be denied.

///

///

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 26, 2019**

UNITED STATES MAGISTRATE JUDGE